IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jean Pierre Tulumbuta and Claudine Kamango, ) <br> ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> Wilmington Finance, Mortgage Electronic ) <br> Registration Systems, Wilshire Credit Corp., ) <br> ) <br> Defendants ) <br> ) | No. 09-cv-04123 <br><br> Judge Joan B. Gottschall |

## MOTION TO DISMISS COMPLAINT

NOW COMES Defendant, Wilshire Credit Corporation, by and through its attorneys, Hauselman, Rappin & Olswang, Ltd., and, pursuant to Federal Rules of Civil Procedure 12(b)(6), moves this Court to dismiss the Plaintiffs' Complaint, in its entirety and with prejudice, for the reasons set forth below and in the accompanying Memorandum of Law.

## STANDARD OF REVIEW

1. A Complaint will be dismissed pursuant to Federal Rule of Civil Procedure if the plaintiff "fail[s] to allege any set of facts upon which relief may be granted." *Am. Hardware Mfrs. Ass'n v. Reed Elsevier*, 2007 U.S. Dist. LEXIS 10603, 3-4 (N.D. Ill. 2007) (internal citations omitted); Fed. R. Civ. Pro. 12(b)(6).

2. The Court shall "accept all factual allegations in the complaint and draw all reasonable inferences from those facts in favor of the plaintiff" in reviewing the motion to dismiss. *Slaney v. Int'l Amateur Athletic Fed.*, 244 F.3d 580, 597 (7th Cir. 2001).

## SUMMARY

3. On July 9, 2009, Plaintiffs filed their Complaint for Rescission and Damages Pursuant to the Truth in Lending Act against Wilmington Finance, Inc., Mortgage Electronic Registration Systems, Inc., and Wilshire Credit Corporation.

4. Plaintiffs allege that on June 26, 2006, Plaintiffs refinanced the mortgage on their principal residence and allege that the required disclosures provided by Wilmington Finance in conjunction with the refinancing were illegible. Complaint, ¶¶9-10, ¶18.

5. Plaintiffs further allege that Wilmington Finance failed to provide disclosure of costs and other material disclosures mandated by 15 U.S.C. §1638. Complaint, ¶18.

6. Plaintiffs allege that on May 19, 2009, they sought rescission from all defendants for these failures and that all defendants have not acknowledged the notice election to rescind, have not returned any property to Plaintiffs and have not taken steps to void the security interest. Complaint, ¶¶21-22.

7. Plaintiffs seek cancellation of Wilshire Credit's security interest as well as costs, fees and penalties.

8. Wilshire Credit, as alleged in the Complaint, is merely a servicer, and, therefore, is not a proper party to this suit.

9. Furthermore, the loan origination file in the possession of Wilshire Credit includes complete, legible disclosures which were acknowledged by the initials and/or signatures of the Plaintiffs, and therefore, the Plaintiffs are not entitled to rescission of the loan. As such, no relief can be granted Plaintiffs upon the allegation of defective disclosures against Wilshire Credit.

10. Because the Plaintiffs are not entitled to rescission of the loan, the Plaintiffs have no claim for relief based upon an alleged failure to rescind the loan.

11. Even if the Plaintiffs are able to demonstrate a right to rescission, Wilshire Credit will not be liable for a failure to rescind the loan because it is merely the servicer of the loan and any alleged defect in the disclosures is not apparent on the face of the documents assigned to Wilshire Credit for servicing of the loan.

12. In the alternative, even if the Plaintiffs are able to demonstrate a right to rescission, the Plaintiffs' claim for statutory damages related to the alleged disclosure violations is time-barred, pursuant to §1640(e).

WHEREFORE, Defendant, Wilshire Credit Corporation, respectfully requests that this Court dismiss the Complaint against it with prejudice and grant other such relief as this Court deems just.

Dated: September 14, 2009.

                                                Respectfully submitted,
                                               Wilshire Credit Corporation,
                                               Defendants

                                               By: /s/ Elizabeth Monkus
                                               One of her attorneys

Steven R. Rappin
Elizabeth Monkus
Hauselman, Rappin & Olswang, Ltd.
39 S. LaSalle Street, suite 1105
Chicago, IL 60603

3