UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEAN PIERRE TULUMBUTA and CLAUDINE KAMANGO, | ) ) ) | |
| Plaintiffs, | ) ) | No. 09 C 4123 |
| v. | ) ) | Judge Joan B. Gottschall |
| WILMINGTON FINANCE, INC., a Delaware corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; and WILSHIRE CREDIT CORPORATION, a Nevada corporation, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiffs Jean Pierre Tulumbuta and Claudine Kamango (collectively, the "homeowners") brought this suit arising from the 2006 refinance of a mortgage on their Streamwood, Illinois home. The homeowners allege that they were provided incomplete or illegible copies of the disclosures required by Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, and that they were wrongfully denied rescission of the refinanced loan. The homeowners named as defendants Wilmington Finance, Inc. which, according to the complaint, was the relevant creditor in the refinancing, as well as Mortgage Electronic Registration Systems, Inc. ("MERS") and Wilshire Credit Corporation, each of which, according to the homeowners, owns an interest in the subject loan. This matter is presently before the court on each defendant's separate motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to seek dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the court must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [the plaintiff's] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Legal conclusions, however, are not entitled to any assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. ____, 129 S. Ct. 1937, 1940 (2009). The plaintiff need not plead particularized facts, but the factual allegations in the complaint must be sufficient to "state a claim to relief that is plausible on its face . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A statute of limitations defense, while not normally part of a motion under Rule 12(b)(6), is appropriate where 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations.'" *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)).

### II. ANALYSIS

Although each defendant brings a separate motion to dismiss, their arguments overlap. Principally, the defendants argue that: the homeowners' damages claim is time-barred, the defendants complied with their obligations under TILA, the homeowners have not alleged that they will tender payment of the principal of the loan, and, in the case of Wilshire and MERS, they cannot be held liable under TILA. The court addresses each defendant's arguments in turn.

**A.     Wilmington**

Wilmington argues that the homeowners' complaint should be dismissed because their statutory damage claim against Wilmington is time-barred, and because the homeowners are not entitled to rescission. Actions under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The homeowners seek recovery for Wilmington's alleged failure to provide them with proper disclosures at the time of the refinancing in 2006.[1] The homeowners brought this action in 2009, far beyond the one-year limitations period allowed under TILA for the 2006 refinancing, and do not respond to Wilmington's argument that their damages claim arising from the alleged failed disclosures is time-barred. Therefore, the homeowners' complaint is dismissed insofar as it seeks damages from Wilmington arising from allegedly inadequate disclosures in 2006.

Wilmington also asserts that the homeowners' complaint must be dismissed because the homeowners failed to tender the principal of the loan when notifying the defendants of their election to rescind the subject loan, and because the homeowners failed to allege as much. The statute regarding rescission cited by Wilmington, 15 U.S.C. § 1635(b), states in relevant part:

> Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, down payment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value.

---

[1] The homeowners also seek damages for Wilmington's failure to honor the homeowners' election to rescind in 2009. Wilmington does not seek to dismiss the rescission-based damages claim as time-barred.

*Id.* As written, the statute contemplates that rescission will proceed as follows: the obligor sends the creditor a notice of rescission; then, within 20 days, the creditor returns any money or property given in connection with the transaction and terminates its security interest; then the obligor must tender the property (in this case, the loan principal) to the creditor.

Wilmington is correct that this section requires that the debtor tender to the creditor any property that it received by virtue of the rescinded transaction. *Id.*; *see also Lippner v. Deutsche Bank Nat'l Trust Co.*, 544 F. Supp. 2d 695, 702 (N.D. Ill. 2008). Although the debtor need not tender to the creditor any property until after the creditor has performed its obligation, the debtor, as plaintiff, must allege that he is willing and able to tender such property. *See Edelman v. Bank of Am. Corp.*, No. SACV 09-00309-CJC, 2009 WL 1285858, at *2 (C.D. Cal. Apr. 17, 2009); *see also Garza v. Am. Home Mortgage*, No. CV F 08-1477, 2009 WL 188604, *4-*5 (E.D. Cal. Jan. 28, 2009). Plaintiff must so allege because, if he cannot tender repayment, he will not be entitled to rescission. *Garza*, 2009 WL 188604, at *4-*5; *see also Moore v. Wells Fargo Bank, N.A.*, 597 F. Supp. 2d 612, 615-16 (E.D. Va. 2009). In this case, the homeowners have not alleged that they are willing and able to tender repayment of any amounts owed.

Wilmington seeks to extend this rule, asking the court to determine that the homeowners are unable to tender repayment as a matter of fact. Such a determination, absent an admission from the homeowners that they are unable to tender repayment, is improper at this pleading stage, at which the court must accept the homeowners' allegations as true. *See Moore*, 597 F. Supp. 2d at 616. Because the homeowners may

4

yet plead that they are willing and able to tender repayment if rescission is proper, their allegations regarding rescission are dismissed with leave to re-plead.

Finally, Wilmington argues that the homeowners did in fact receive the required documents under TILA. Wilmington supports this argument not by reference to the complaint or to the documents attached thereto, but by reference to documents that Wilmington attaches to its own motion. Wilmington contends that the documents attached to its motion were the *actual* documents that the homeowners received. Such reliance on matters outside the complaint is generally improper under Rule 12(b)(6). *See Miller v. Herman*, No. 08-3093, ___ F.3d ____, 2010 WL 1068227, at *5 (7th Cir. Mar. 25, 2010). Wilmington insists that the documents it attaches are indeed made part of the complaint by virtue of references in the complaint to external documents. However, the complaint refers to the documents that the homeowners attached to it, which differ materially from those attached to Wilmington's motion.

Ultimately, this issue appears to be a dispute between the homeowners and Wilmington over which documents the homeowners received, which documents are the true documents that merit consideration, which documents are authentic and relevant, and who executed the documents attached to Wilmington's motion. Rule 12(b)(6) is an improper mechanism by which to adjudicate these factual questions.

Wilmington's motion is granted in part. The homeowners' statutory damages claim arising from the 2006 refinancing and allegedly deficient disclosures is time-barred and therefore dismissed with prejudice. The homeowners' rescission claim is dismissed without prejudice for failure to allege their willingness and ability to tender repayment.

**B.     Wilshire**

Wilshire raises four grounds for dismissal. First, according to Wilshire, it is "merely a servicer" of the subject loan and so is not subject to liability under TILA. (Mot. 2.) Wilshire may indeed be a servicer, in which case it would not be subject to TILA liability. *See* 15 U.S.C. § 1641(f)(1); *see also Bills v. BNC Mortgage, Inc.*, 502 F. Supp. 2d 773, 776 (N.D. Ill. 2007). However, the complaint does not allege that Wilshire was a mere servicer, but rather that Wilshire "hold[s] an interest in the subject loan," Compl. ¶ 8, and Wilshire points to no portion of the complaint or the documents attached thereto suggesting that Wilshire was only a servicer. Moreover, the homeowners do not concede that Wilshire was just the servicer of the subject loan. (Resp. 4-5.) Rule 12(b)(6) allows consideration of the complaint and attachments thereto, but not contested factual matter, and so Wilshire's first asserted ground for dismissal is rejected.

Wilshire next contends that the homeowners' damages claim against it is untimely. Actions under TILA must be brought within one year of the occurrence of the violation. 15 U.S.C. § 1640(e). In the complaint, the homeowners seek damages from Wilshire for its 2009 failure to honor the homeowners' election to rescind, *see* Compl. 6, which was well within one year of the filing of this suit. Wilshire's second argument is also rejected.

Wilshire's remaining arguments–that the disclosures on the subject loan comply with federal law and are not deficient on their face–depend on documents that Wilshire attaches to its motion. Those arguments fail for the same reason that Wilmington's similar arguments fail: a motion to dismiss is not the proper procedure by which to resolve such a dispute.

**C.     MERS**

MERS also moves to dismiss the homeowners' claims against it, largely on grounds similar to those raised in Wilshire's and Wilmington's motions.  MERS contends that the homeowners' damage claim arising from the 2006 refinancing is untimely; however, the homeowners do not assert a damage claim against MERS, and so this argument is rejected.  MERS raises several additional arguments regarding the sufficiency of the loan disclosures under federal law that, like Wilshire's identical arguments, cannot be considered because they rely on documents that are both outside the complaint and not clearly incorporated by the complaint.

Last, MERS argues that the homeowners are not entitled to rescission because the homeowners will be unable to tender return of the principal of the loan to defendants.  This argument is rejected for the same reason that Wilmington's similar argument was rejected: a motion to dismiss focuses not on facts (*i.e.*, whether the homeowners will be able to tender repayment) but on allegations.  However, as noted above, the homeowners' complaint lacks allegations that they are willing and able to tender repayment.  Therefore, the homeowners' complaint is dismissed without prejudice for failure to allege that they were willing and able to tender the principal of the loan to the defendants.

### III.   CONCLUSION

For the reasons stated above, Wilmington's and MERS's motions to dismiss are granted in part, while Wilshire's motion to dismiss is denied.  The homeowners are granted 21 days to re-plead in a manner consistent with this opinion.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: May 3, 2010