**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JEAN PIERRE TULUMBUTA and CLAUDINE KAMANGO, | ) ) ) |
| Plaintiffs, | ) 09 CV 4123 ) |
| v. | ) Judge Gottschall ) |
| WILMINGTON FINANCE, INC., a Delaware corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation and WILSHIRE CREDIT CORPORATION, a Nevada corporation | ) ) Magistrate Judge Valdez ) ) ) JURY TRIAL REQUESTED ) |
| Defendants. | ) ) |

## WILMINGTON FINANCE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFFS' FIRST AMENDED COMPLAINT FOR RESCISSION AND DAMAGES PURSUANT TO THE TRUTH IN LENDING ACT

NOW COMES Defendant WILMINGTON FINANCE, INC. ("Wilmington Finance"), by

its attorneys, ANDREW SZOCKA, P.C., and for its Answer and Affirmative Defenses to the

First Amended Complaint for Rescission and Damages Pursuant to the Truth in Lending Act,

states as follows:

### Nature of Action

1.     Plaintiffs bring this action seeking a declaration that they have properly elected to

rescind a home refinance loan, which was made to them in violation of the federal Truth In

Lending Act, 15 U.S.C. §1601, et. seq. due to the creditor's failure to make material disclosures

or to clearly and conspicuously disclose the Plaintiff's right to cancel the subject loan.  In

addition, Plaintiffs seek damages for defendants' failure to honor their election to cancel the

subject loan.

ANSWER:

Defendant, Wilmington Finance, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Plaintiffs' Amended Complaint and therefore, denies the allegations.

## Jurisdiction and Venue

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1331, as the action arises under the laws of the United States.

ANSWER:

Defendant, Wilmington Finance, admits the allegations of Paragraph 2 of the Plaintiffs' Amended Complaint.

3.      Venue in this Court is proper pursuant to 28 U.S.C. §1391 as each of the defendants do business in this District and a substantial part of the events or omissions giving rise to the claim occurred within this District as well as a substantial part of the property involved in this action is located within this District.

ANSWER:

Defendant, Wilmington Finance, admits the allegations of Paragraph 3 of the Plaintiffs' Amended Complaint.

## Parties

4.      Plaintiffs are the owners and occupants of their home located at 1204 Alexander Place in Streamwood, Illinois.

ANSWER:

On information and belief, Defendant, Wilmington Finance, admits the allegations of Paragraph 4 of the Plaintiffs' Amended Complaint.

5.      Wilmington Finance, Inc. ("Wilmington") is a Delaware corporation with its principal place of business at 401 Plymouth Road in Plymouth Meeting, Pennsylvania and offices located at 3030 Warrenville Road in Lisle, Illinois.

ANSWER:

Defendant, Wilmington Finance, admits that it is a Delaware corporation and denies the remaining allegations contained in Paragraph 5 of the Plaintiffs' Amended Complaint.

6.      At all times relevant hereto, Wilmington regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable.  Wilmington entered into at least 25 such loans in the year 2005.

ANSWER:

Defendant, Wilmington Finance, admits the allegations contained in Paragraph 6 of the Plaintiffs' Amended Complaint but denies that it continues to make loans.

7.      Mortgage Electronic Registration Systems, Inc. ("MERS") is a Delaware corporation with its principal place of business located in Reston, Virginia.  MERS took (and currently holds) a security interest in Plaintiff's home in connection with the subject transaction as the nominee of Wilmington and its assignees.

ANSWER:

On information and belief, Defendant, Wilmington Finance, admits the allegations of Paragraph 7 of the Plaintiffs' Amended Complaint.

8.      Wilshire Credit Corporation ("Wilshire") is a Nevada corporation with its principal place of business located in Beaverton, Oregon.  Wilshire is believed to hold an interest in the subject loan and has made demands that Plaintiffs make payments on the loan to it. Facts Supporting Claim.

ANSWER:

On information and belief, Defendant, Wilmington Finance, admits the first sentence of paragraph 8; and as to the second sentence of Paragraph 8, Defendant, Wilmington Finance, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore, denies the allegations.

9.      On or about June 26, 2006 Plaintiffs refinanced the mortgage on their principal residence located at 1204 Alexander Place in Streamwood, Illinois.  Plaintiffs refinanced the mortgage not for the purpose of purchasing the property, but for other personal and family uses.

ANSWER:

Defendant, Wilmington Finance, admits that on or about June 26, 2006, a refinance mortgage transaction was conducted for the property commonly known as 1204 Alexander Place, Streamwood, Illinois, and as to the remaining allegations of Paragraph 9, Defendant, Wilmington Finance, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Plaintiffs' Amended Complaint and therefore, denies the allegations.

10.     At the closing of the refinance transaction Plaintiffs were presented with illegible and incomplete copies of the following documents:

a)      Adjustable Rate Note, a true and correct copy of the document as it was delivered to Plaintiffs is attached hereto as Exhibit A;

b)      Mortgage, a true and correct copy of the document as it was delivered to Plaintiffs is attached hereto as Exhibit B; and

c)      Documents that Plaintiffs believe may be portions of a Notice of Right to Cancel, a true and correct copy of the documents as it was delivered to Plaintiffs is attached hereto as group Exhibit C.

ANSWER:

Defendant, Wilmington Finance, denies the allegations contained in Paragraph 10 of the Plaintiff's Amended Complaint.

11.      Plaintiffs were not provided with any copies of a Truth in Lending Disclosure Statement of their own to keep.

ANSWER:

Defendant, Wilmington Finance, denies the allegations contained in Paragraph 11 of the Plaintiff's Amended Complaint.

**Plaintiff's TILA Rights**

12.      The subject loan was made subject to Plaintiffs' rights under the Truth in Lending Act, 15 U.S.C. §1601, et seq. ("TILA") and its implementing regulations, Regulation Z, 12 C.F.R. Part 226.

ANSWER:

Defendant, Wilmington Finance, states affirmatively that the statements set forth in Paragraph 12 of Plaintiffs' Amended Complaint are legal conclusions for this Court to resolve, not an allegation of fact. However, to the extent that Paragraph 12 of the Plaintiffs' Amended Complaint contains an allegation of fact, Defendant, Wilmington Finance, denies that allegation.

13.      The TILA reads impertinent part:

**15 U.S.C. §1635(g) - Additional Relief**

In any action in which it is determined that a creditor has violated this section. In addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

**15 U.S.C. §1640 – Civil Liability**

Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of-

(1)     any actual damages sustained by such person as a result of the failure;

(2)(A)(iii)  in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $400 or greater than $4,000;

(3)  in the case of any successful action to enforce the foregoing liability in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**15 .S.C. §1641 – Liability of Assignees**

(c)     Right of rescission by consumer unaffected

Any consumer who has the right to rescind a transaction under section 635 of this title may rescind the transaction as against any assignee of the obligation.

(e)     Liability of assignee for consumer credit transactions secured by real property.

Except as otherwise specifically provided in this subchapter, any civil action for a violation of this subchapter of proceeding under section 1607 of this title which may be brought against a creditor, with respect to a consumer credit transaction secured by real property may be maintained against any assignee of such creditor only if.

> (A)     the violation of which such action or proceeding is brought is apparent on the face of the disclosure statement provided in connection with such transaction pursuant to this subchapter; and

> (B)     the assignment to the assignee was voluntary.

ANSWER:

Defendant, Wilmington Finance, admits that Plaintiffs have quoted from TILA.

14.     Regulation Z reads in pertinent part:

§226.23

**(a)     Consumer's right to rescind**.

(1)     In a credit transaction in which a security interest is or will be retained or acquire in a consumer's principal  dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have t he right to rescind the transaction, except for transactions described in paragraph (f) of this section.

(2)     To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication.  Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3)     The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last.  If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.  In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.

**(d)     Effects of rescission**

(1)     When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

(2)     Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

(3)     If the creditor had delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value.  At the consumer's option, tender of the property may be made at the location of the property or at the consumer's residence.  Tender of money must be made at the creditor's designated place of business.  If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.

ANSWER:

Defendant, Wilmington Finance, admits that Plaintiffs have quoted from TILA.

15.    To the extent that Plaintiffs have any duty to tender money or property to any Defendant named herein, Plaintiffs are willing and able to tender.

ANSWER:

Defendant, Wilmington Finance, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Plaintiffs' Amended Complaint and therefore, denies the allegations.

16.    Plaintiffs reserve the right to seek an equitable modification of any tender obligation they may have, pursuant to 12 C.F.R. §226.23(d)(4).

ANSWER:

Defendant, Wilmington Finance, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Plaintiffs' Amended Complaint and therefore, denies the allegations.

## Grounds for Rescission

### Wilmington Finance Failed to Inform the Plaintiffs of their unconditional right to cancel

17.    The documents presented to Plaintiffs were illegible, including what appears to be portions of a Notice of Right to Cancel directed only to Claudine.

ANSWER:

Defendant, Wilmington Finance, denies the allegations contained in Paragraph 17 of the Plaintiffs' Amended Complaint.

18.    Neither Plaintiff received two complete and legible copies of a Notice of Right to Cancel.

ANSWER:

Defendant, Wilmington Finance, denies the allegations contained in Paragraph 18 of the Plaintiffs' Amended Complaint.

19.     The failure to provide both Plaintiffs with two complete, legible copies of a clear and conspicuous notice of their right to cancel violated TILA and provides Plaintiffs with an extended right to cancel the subject loan.

ANSWER:

Defendant, Wilmington Finance, denies the allegations contained in Paragraph 19 of the Plaintiffs' Amended Complaint.

**Wilmington Finance failed to provide the required disclosures of the costs for the loan**.

20.     Plaintiffs were not provided a disclosure of the cost information or other material disclosures required under 15 U.S.C. §1638.

ANSWER:

Defendant, Wilmington Finance, denies the allegations contained in Paragraph 20 of the Plaintiffs' Amended Complaint.

21.     The failure to provide both Plaintiffs with a disclosure statement violates TILA and provides Plaintiffs with an extended right to cancel the subject loan.

ANSWER:

Defendant, Wilmington Finance, denies the allegations contained in Paragraph 21 of the Plaintiffs' Amended Complaint.

22.     On May 19, 2009, Plaintiffs, through counsel, notified the defendants of his election to cancel the subject transaction, a copy of the election to rescind is attached hereto as Exhibit D.

ANSWER:

Defendant, Wilmington Finance, admits that on or about June 3, 2009 it received a letter dated May 19, 2009 from Plaintiffs' counsel and further states that the content of the letter attached as Exhibit D speaks for itself.

23.     It has been more than 20 days since Plaintiffs notified the defendants of their election.

ANSWER:

Defendant, Wilmington Finance, admits the allegations contained in Paragraph 23 of the Plaintiffs' Amended Complaint and affirmatively states that it complied with all TILA requirements.

24.     None of the defendants have acknowledged receipt of the election, nor returned any property to Plaintiffs, or taken steps to acknowledge the voided security.

ANSWER:

Defendant, Wilmington Finance, denies the allegations contained in Paragraph 24 of the Plaintiffs' Amended Complaint and affirmatively states that on June 8, 2009 it sent a response letter to Plaintiffs' counsel denying the Plaintiffs' rescission request and also sent copies of the Notice of Right to Cancel and disclosures that were signed by the Plaintiffs.  Defendant, Wilmington Finance, affirmatively states that it was not required to return any property to the plaintiffs or to void any security interest.

25.     Further, Plaintiffs have demanded the identity of the current holder(s) of the subject loan, however neither defendant has complied with Plaintiffs' request.  To the extent any other party now has an interest in the subject loan they are named as defendants herein under the nomenclature of John Does 1-5.

ANSWER:

Defendant, Wilmington Finance, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Plaintiffs' Amended Complaint and therefore, denies the allegations.

WHEREFORE, Defendant, WILMINGTON FINANCE, INC., prays for judgment in its favor and for any other relief as this Court deems equitable and just.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Wilmington Finance is entitled to an equitable lien and an equitable mortgage on the property because it loaned funds in the amount $208,800.00 on the property.

### SECOND DEFENSE

Wilmington Finance is entitled to a set off for funds in the amount of $202,854.08 that it paid to or on behalf of the Plaintiffs including:

| | | |
|---|---|---|
| 1. | Cash paid to the Plaintiffs at closing: | $8,116.10 |
| 2. | Paid the 2nd installment of property taxes: | $3,252.39 |
| 3. | Paid off the Plaintiffs' prior mortgage: | $174,936.59 |
| 4. | Paid the Plaintiffs' bills (see Addendum to HUD) | $16,549.00 |

A copy of the HUD Settlement Statement dated July 19, 2006 from the closing of the Wilmington Finance loan is attached hereto and made a part hereof as Exhibit A.

### THIRD DEFENSE

The Plaintiffs' Amended Complaint fails, in whole or in part, due to the applicable statute of limitations.

### FOURTH DEFENSE

Some or all of Plaintiffs' claims are barred, in whole or in part, because Wilmington Finance has committed no act or omission causing damage to Plaintiffs.

### FIFTH DEFENSE

Some or all of Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### SIXTH DEFENSE

Some or all of Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

### SEVENTH DEFENSE

Some or all of Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### EIGHTH DEFENSE

To the extent Plaintiffs failed to mitigate their damages, their claim for damages is barred or subject to reduction.

### NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they suffered no loss or damage.

### TENTH DEFENSE

To the extent Plaintiffs seek recovery in tort for economic damages, Plaintiffs' claims are barred by the economic loss doctrine.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim against Wilmington upon which relief can be granted.

### TWELFTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiffs were caused by their own acts or omissions, or the acts or omissions of some other third party over whom Wilmington exercised no control.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part on the basis of the documentary evidence.

### FOURTEENTH AFFIRMATIVE DEFENSE

All disclosures required to be given to Plaintiffs were given.

### FIFTEENTH AFFIRMATIVE DEFENSE

Wilmington did not know, and by exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist.

### SIXTEENTH AFFIRMATIVE DEFENSE

Wilmington, and any persons acting on Wilmington's behalf, acted at all times in good faith and with due diligence in carrying out their responsibilities and did not directly or indirectly induce the act or acts constituting the alleged violations or causes of actions.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any errors that Plaintiffs allege may have been made are, if anything, merely technical or bona fide errors.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any errors that Plaintiffs allege may have been made are, if anything, within the tolerance levels allowed by law.

### NINETEENTH AFFIRMATIVE DEFENSE

Wilmington beached no legal duty that it owed to Plaintiffs.

WHEREFORE, Defendant, WILMINGTON FINANCE, INC., prays for judgment in its

favor and for any other relief as this Court deems equitable and just.

WILMINGTON FINANCE, INC.

By: _____

Its Attorneys

Andrew Szocka
Andrew Szocka, P.C.
799 East Terra Cotta Avenue
Crystal Lake, IL 60014
Email: szocka@szocka.com
(815) 455-8430

- 14 -